IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL SILVA, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert Exterminating Service, Inc., and KEVIN J. CONNELLY, individually,<br><br>Defendants. | Case No. 16-8302 |

## COMPLAINT

NOW COMES Plaintiff, MANUEL SILVA ("SILVA"), individually and on behalf of those similarly situated, by and through his attorneys, DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY of GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., and for his Complaint against Defendants MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert Exterminating Service, Inc., and KEVIN J. CONNELLY, individually, states as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the Davis Bacon Act, 40 U.S.C.

§276a, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. § 1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship Plaintiff performed work in this district, is a resident of this district and Defendants are engaged in business in this district.

3. Plaintiff SILVA was employed by MASH as an exterminator from August 2014 to January 2015. SILVA drove a motor vehicle to various customers and provided exterminating services. SILVA consistently worked six (6) days per week and worked over 40 hours per week.

4. Defendant, MASH SERVICES OF ILLINOIS, INC. ("MASH") provides exterminating services to the general public. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the Fair Labor Standards Act. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

5. Defendant, KEVIN J. CONNELLY ("CONNELLY"), on information and belief, is the owner of MASH and its General Manager, and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". Specifically, CONNELLY instructed employees to appear at work for preliminary activities without compensating the employees and deducted lunch breaks when he was told that no lunch break was taken.

6. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7. The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendants and are factually common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded an opportunity to join their individual claims.

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and § 251 *et seq.*

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, Count II of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. This Count II is brought as a class action.

10. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, Count III of this action is brought by Plaintiff to recover unpaid compensation that was promised to be paid Plaintiff and the Plaintiff Class. This Count III is brought as a class action.

11. The common questions of fact are: 1) whether the employees are entitled to compensation for preliminary work and 2) whether the employees are entitled to compensation for working during their lunch break. The common question of law is whether these practices violate the Fair Labor Standards Act, the Illinois Minimum Wage Law and/or the Illinois Wage Payment and Collection Act.

## II. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff at all times pertinent to the cause of action was employed by MASH, said employment being integral and indispensable to MASH's business.

13. The named Plaintiff, and all similarly situated members of the Plaintiff Class,

worked in excess of 40 hours per week throughout their employment with MASH, and were denied time and half their regular rate of pay for hours worked over 40 in a week pursuant to the requirements of the federal and state statutes herein relied upon.

14. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, (a) requiring Plaintiff and other employees to appear for work one half-hour prior to 8:00 a.m. to get their daily route and to obtain supplies for the current day without "clocking in" and thereby depriving them of proper compensation and (b) deducted lunch breaks when no lunch was taken and while Plaintiff and Plaintiff Class were performing services for MASH. In some instances, such unpaid time should have been compensated at one and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

1-14. Paragraphs 1 through 14 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 14 of this Count I.

15. Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

16. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, and all other Plaintiffs

similarly situated, known and unknown, as described above.

17. In denying SILVA compensation as described above, MASH'S and CONNELLY'S acts were not based upon good faith or reasonable grounds.

18. SILVA and all other Plaintiffs similarly situated, known and unknown, as described above are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, MANUEL SILVA, individually and on behalf of those similarly situated, respectfully request that this Court enter judgment in his favor and against Defendants MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert Exterminating Service, Inc., and KEVIN J. CONNELLY, individually, jointly and severally, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-18. Paragraphs 1 through 18 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of this Count II.

19. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

20. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

5

21. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, MANUEL SILVA, individually and on behalf of those similarly situated, respectfully request that this Court enter judgment in his favor and against Defendants MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert Exterminating Service, Inc., and KEVIN CONNELLY, individually, jointly and severally, for unpaid overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1.-21. Paragraphs 1 through 21 of are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of this Count III.

22. MASH offered to pay wages for all hours worked by SILVA, which he accepted by working for MASH.

23. MASH was at all times relevant subject to the terms and provisions of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("Wage Act").

24. The compensation due SILVA are "wages" as defined by 820 ILCS 115/2.

25. SILVA was an "employee" as defined by 820 ILCS 115/2. SILVA was entitled to receive all promised wages pursuant to his agreement with MASH.

26. On information and belief, CONNELLY is one of MASH's owners. CONNELLY was an agent of MASH who knowingly permitted MASH to violate the provisions of the Wage Act and thereby is statutorily deemed to be an "employer" of SILVA pursuant to

820 ILCS § 115/13. CONNELLY exercised operational control over MASH and Plaintiff Class since he could fire employees, set SILVA's compensation and had supervisory authority over SILVA and Plaintiff Class.

27. As a result of the failure of MASH and CONNELLY to pay SILVA's and Plaintiff Class's promised wages pursuant to the Wage Act, SILVA seeks joint and severally liability of MASH and CONNELLY.

WHEREFORE, Plaintiff, MANUEL SILVA, individually and on behalf of those similarly situated, respectfully request that this Court enter judgment in his favor and against Defendants MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert Exterminating Service, Inc., and KEVIN CONNELLY, individually, jointly and severally, in an amount to be proved at trial, plus pre-judgment interest under the Illinois Interest Act, plus attorney's fees under the Wage Act, plus 2% of the amount of the underpayments pursuant to the Wage Act, plus costs and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

    Respectfully submitted,

    MANUEL SILVA, individually and
    on behalf of those similarly situated,

    By: /s/ Brian M. Dougherty
        One of His Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## Consent to Be Plaintiff

Pursuant to 29 U.S.C. § 216(b), I, MANUEL SILVA, hereby consent to be a party plaintiff in the captioned action, and authorize my attorneys to pursue an individual action and a class and/or collection action on behalf of those similarly situated based on the claims set forth herein.

Dated: 8-23, 2016

Manuel Silva