IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL SILVA, individually and on, behalf of those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 16-8302 ) |
| MASH SERVICES OF ILLINOIS, INC., an Illinois corporation, d/b/a A-Alert, Exterminating Service, Inc., and KEVIN, J. CONNELLY, individually, | ) ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Manuel Silva ("Plaintiff") and Defendants Mash Services of Illinois, Inc. ("Mash") and Kevin Connelly ("Defendants")(collectively "the Parties"), by and through undersigned counsel, hereby jointly request that the Court approve the Parties' executed settlement agreement ("Settlement Agreement"). In support of this Joint Motion, the Parties state as follows:

1. Plaintiff alleges that Defendants violated the wage-and-hour provisions of the Fair Labor Standards Act (hereinafter "FLSA") by depriving Plaintiff of lawful wages and overtime wages.

2. Plaintiff also asserts state law claims for unpaid wages pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

3. Pursuant to the FLSA, claims for back wages and other damages arising out of the FLSA may be settled or compromised with the approval of a Federal District Court or the United

States Department of Labor. 29 U.S.C. § 216(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 348-349 (N.D. Ill. 2001).

4. This Court may enter a stipulated judgment dismissing the case after examining the Settlement Agreement to ensure that it is a fair and reasonable resolution of a bona fide dispute under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton*, 786 F.2d at 306.

5. The Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendants assert, and continue to assert, that they did not violate the FLSA, and that they had reasonable grounds to believe that they were in compliance with the FLSA.

6. In this case, Plaintiff was represented by competent counsel with experience in FLSA issues. The Parties developed independent calculations of the potential exposure based upon the exchange of relevant information, including relevant time records. After engaging in settlement negotiations, including the exchange of multiple email communications setting forth each side's view of the case, the Parties reached a fair and reasonable compromise resolution of Plaintiff's claims.

7. As reflected in Plaintiff's pleadings, Plaintiff worked as an exterminator for Mash for a period of fewer than six months, or from on or about August 2014 until January 2015. *See* Complaint, ¶ 3. Thus, the potential exposure to liability for Plaintiff's alleged claims for unpaid wages and overtime pay, which Defendants dispute, is reasonably accounted for in the Settlement Payment provided under the Settlement Agreement.[1]

---

[1] The Parties are submitting a copy of the Parties' Settlement Agreement for *in camera* review under separate cover.

8. Plaintiff has represented in the Settlement Agreement that, as a result of the consideration provided by Defendants, he has been paid all minimum wages and overtime wages due and owing to him during the relevant period.

9. In the interest of resolving this matter without the need for, or the risks and costs associated with, further litigation, the Parties agreed to compromise and resolve the disputed claims.

10. Subject to the Court's approval of the Settlement Agreement, Plaintiff and Defendants hereby stipulate to the dismissal of Plaintiff's claims in this action, with prejudice, with each side to bear its own costs and attorneys' fees, except as set forth in the Settlement Agreement. For the Court's review, the Parties have attached their Stipulation of Dismissal, should the Court approve settlement. *See* Exhibit 1.

WHEREFORE, Plaintiff and Defendants respectfully request that the Court review and approve the terms of the Settlement Agreement, and jointly request entry of an Order by this Court dismissing Plaintiff's claims against Defendants with prejudice.

Dated: December 7, 2016

| | |
|---|---|
| By: */s/ Brian M. Dougherty*<br>Donald S. Rothschild<br>Brian M. Dougherty<br>Goldstine, Skrodzki, Russian, Nemec,<br>and Hoff, Ltd.<br>835 McClintock Drive, 2nd Floor<br>Burr Ridge, Illinois 60527<br>Telephone: (630) 655-600<br>Email: bmd@gsrnh.com<br><br>*Attorneys for Plaintiff* | By: */s/ Joel W. Rice*<br>Joel W. Rice<br>James M. Hux, Jr.<br>FISHER & PHILLIPS LLP<br>10 South Wacker Drive, Suite 3450<br>Chicago, Illinois 60606<br>Telephone: (312) 346-8061<br>Email: jrice@laborlawyers.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

      I certify that on December 7, 2016, I electronically filed the foregoing **JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF system, and caused to be served a true and correct copy of same to all attorneys of record.

                                           */s/ Brian M. Dougherty*
                                          One of the Attorneys for PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANUEL SILVA, individually and on, behalf of those similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MASH SERVICES OF ILLINOIS, INC., )<br>an Illinois corporation, d/b/a A-Alert, )<br>Exterminating Service, Inc., and KEVIN, )<br>J. CONNELLY, individually, )<br>)<br>Defendants. ) | Case No: 16-8302 |

**STIPULATED ORDER OF DISMISSAL OF PLAINTIFF'S
CLAIMS AGAINST DEFENDANTS WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, and by and through Counsel, Plaintiff DISMISSES WITH PREJUDICE his claims against all parties. Each party shall bear his or its own costs, including attorneys' fees in this litigation, except as set forth in the settlement agreement.

By: */s/ Brian M. Dougherty*  
Donald S. Rothschild  
Brian M. Dougherty  
Goldstine, Skrodzki, Russian, Nemec, and Hoff, Ltd.  
835 McClintock Drive, 2nd Floor  
Burr Ridge, Illinois 60527  
Telephone: (630) 655-600  
Email: bmd@gsrnh.com  

*Attorneys for Plaintiff*

By: */s/ Joel W. Rice*  
Joel W. Rice  
James M. Hux, Jr.  
FISHER & PHILLIPS LLP  
10 South Wacker Drive, Suite 3450  
Chicago, Illinois 60606  
Telephone: (312) 346-8061  
Email: jrice@laborlawyers.com  

*Attorneys for Defendants*